# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

CASE NO.: 3:03cv162/LAC/MCR

JUDGE:

LAKESIDE VILLAGE, et al.,

       Plaintiffs,

   v.

ALLSTATE INSURANCE COMPANY,
PATRICIA VENEZIA, AND
DEFENDANTS "X," "Y," AND "Z."

       Defendants.

_____/

## DEFENDANT'S PETITION FOR REMOVAL AND
## MEMORANDUM OF LAW IN SUPPORT

The Defendant, ALLSTATE INSURANCE COMPANY (hereinafter

"ALLSTATE"),by and through its undersigned attorneys, files this Petition for Removal

pursuant to 28 U.S.C. §1446(a) and (b) and requests that this case, which was filed as Case

No.  03 - CA 1268 in the Circuit Court of the 1st  Judicial Circuit, in and for Okaloosa

County, Florida, be removed to the United States District Court for the Northern District of

Florida, Pensacola Division.  The basis for the removal of this action is as follows:



/

1.     ALLSTATE is a Defendant in the civil action brought by the Plaintiffs in the Circuit Court of the 1st Judicial Circuit, in and for Okaloosa County, Florida, which is located in the United States District for the Northern District of Florida.

2.     Complete copies of all process and pleadings served upon ALLSTATE in the state court action are attached to this Petition for Removal, pursuant to 28 U.S.C. §1446(b), as Exhibit "1". In addition, Defendant, PATRICIA VENEZIA (hereinafter "VENEZIA"), Motion to Dismiss has also been filed contemporaneously  and attached hereto and incorporated herein as Exhibit "2".

3.     Plaintiff, LAKESIDE VILLAGE CONDOMINIUM ASSOCIATION, INC., (hereinafter LAKESIDE), is and was at all times material hereto, including the time of the filing and service of the Complaint and the time of the filing of this Notice, a Florida corporation, organized and existing by virtue of the laws of the State of Florida, located in Niceville, Florida, County of Okaloosa.

4.     Plaintiffs, DARLANE LANDSBERGER, DONALD McDONALD, RONALD BENNETT AND WILLIAM PHILLIPS, (hereinafter BOARD), are and have been at all times material hereto, including the time of the filing and service of the Complaint and the time of the filing of this Notice, all residents of the State of Florida and members of the Board of Directors of LAKESIDE.

5.     Defendant, ALLSTATE is and was at all times material hereto, including the time of the filing and service of the Complaint and the time of the filing of this Notice, a

2

foreign corporation, incorporated in the State of Illinois, with its principle place of business located in Illinois, and authorized to transact business in the State of Florida.

6.      Defendant, VENEZIA, is and was at all times material hereto, including the time of the filing and service of the Complaint and the time of the filing of this Notice, employed by ALLSTATE as a Senior Staff Claim Adjuster.

7.      Defendants, "X", "Y" AND "Z", (hereinafter XYZ), are unknown, as such at all times material hereto, including the time of the filing and service of the Complaint and the time of the filing of this Notice, their place of residence is unknown as is their location of employment.

8.      The matter in controversy exceeds the sum or value of $75,00.00, exclusive of interests and costs, as set forth in the Complaint filed by LAKESIDE AND BOARD and also, attached  as Exhibit "3," in correspondence dated March 3, 2003, from ALLSTATE to LAKESIDE.

9.      ALLSTATE'S Petition for Removal is timely filed within 30 days of the receipted initial pleading by ALLSTATE, pursuant to 28 U.S.C. § 1446(b).

10.     Contemporaneously with the filing of this Petition for Removal, a Notice of Removal and a true and correct copy of this Petition for Removal will be filed with the State Clerk of Courts for the First Judicial Circuit in and for Okaloosa County, Florida.

11.     Pursuant to 28 U.S.C., ALLSTATE, is entitled to remove this action because this court has original jurisdiction based on diversity of citizenship as provided in 28 U.S.C. §1332.

12.     Although named Defendant, VENEZIA, is a citizen of the state (Florida) in which the action was brought, Plaintiffs have fraudulently joined Defendant, VENEZIA, to defeat complete diversity jurisdiction in an effort to prevent removal of this action to the United States District for the Northern District of Florida.

13.     This action is nevertheless removable and it is appropriate for this Court to accept jurisdiction given that the Plaintiffs' joinder of this Defendant is fraudulent. Tapscott v. MS Dealer Srvc. Corp., 77 F.3d 1353 (11th Cir. 1996) (citing Cohen v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983)).

14.     Although named Defendants, XYZ, as stated in the Plaintiff's Complaint "on information and belief", "were and still are, individual residents of the State of Florida", pursuant to 28 U.S.C. § 1441(a), ALLSTATE, is entitled to removal, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

WHEREFORE, Defendant, ALLSTATE INSURANCE COMPANY, prays that the civil action filed by the Plaintiff in the Circuit Court of the 1st Judicial Circuit in and for Okaloosa County, Florida, be removed to this Court as provided by 28 U.S.C. §1441 et seq., and that this court accept jurisdiction of this action.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S PETITION FOR REMOVAL

### Standard for Removal Under 28 U.S.C. § 1441

For removal under 28 U.S.C. §1441, no defendant can be a citizen of the state in which the action was brought. See 28 U.S.C. §1441(b) (2001). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if a complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302 (11th Cir. 2001) (citing Triggs v. John Crump Toyota Inc., 154 F. 3d 1284, 1287 (11th Cir. 1998)). In other words, an action may be removable if the joinder of the non-diverse party is fraudulent. Tapscott v. MS Dealer Srvc. Corp., (11th Cir. 1996) (citing Cohen v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983)); see, e.g., Spring-Ford Area School Dist. v. Genesis Ins. Co., 158 F.Supp.2d 476 (E.D. Pa. 2001) (the existence of a fraudulently joined party may be disregarded for purposes of determining diversity jurisdiction).

The removing Defendant has the burden of proving either that (1) there is no possibility the Plaintiff can establish a cause of action against the resident Defendant, or (2) the Plaintiff has fraudulently plead jurisdictional facts to bring the resident Defendant into State Court. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

**THE PLAINTIFF'S HAVE FRAUDULENTLY JOINED PATRICIA VENEZIA IN
RESPECT TO ALL COUNTS OF THE COMPLAINT AS ALL ACTIONS OF
PATRICIA VENEZIA WERE WITHIN THE COURSE AND SCOPE OF HER
DUTIES AND AUTHORIZED AND RATIFIED BY ALLSTATE**

Plaintiffs have fraudulently joined Defendant, VENEZIA, as a party to their Complaint

simply to defeat complete diversity jurisdiction and bar removal of this action to the United

States District for the Northern District of Florida.   VENEZIA, as stated in Paragraph 11 of

the Complaint and reavered and realleged in all six causes of action, is an employee of Allstate

Insurance Company.   That same paragraph continues, "[a]ll actions or inactions by Venezia

were taken in the course and scope of her employment by Allstate.   Moreover, Allstate

authorized or ratified each complained of act or omission by Venezia alleged herein, except

those specified in Plaintiffs' Sixth Cause of Action."   Additionally, attached are sworn

affidavits from VENEZIA and her direct supervisor Robyn Shafer which  specifically state

that VENEZIA is an employee of Allstate Insurance Company, that all of her actions

regarding this captioned matter were within the scope of her duties, and that all of her actions

regarding this captioned matter were authorized and ratified by Allstate Insurance Company.

(Attached Exhibits 4 and 5 respectfully) As evidenced by the sworn affidavits and as stated

in the complaint itself, all of the actions of PATRICIA VENEZIA were as an employee of

ALLSTATE within the course and scope of her duties and ratified and authorized by

ALLSTATE as well.   As such, all alleged actions contained in the Complaint should be

alleged against ALLSTATE and not PATRICIA VENEZIA.   The fact that they are alleged

against PATRICIA VENEZIA is for the sole purpose to fraudulently join PATRICIA VENEZIA in an attempt to defeat the jurisdiction of this Honorable Court.

**THE PLAINTIFF'S HAVE FRAUDULENTLY JOINED PATRICIA VENEZIA IN RESPECT TO ALL COUNTS OF THE COMPLAINT AS ALL ACTIONS CONTAINED IN THE COMPLAINT ARE BASED UPON THE INSURANCE POLICY BETWEEN ALLSTATE AND PLAINTIFFS AND SUBJECT TO THE ECONOMIC LOSS RULE**

ALLSTATE and Plaintiffs were in a contractual relationship due to the fact that Plaintiffs had purchased Business Insurance Policy 0-49-508509 that was issued by ALLSTATE. All allegations of wrongful conduct by ALLSTATE, and its employee, VENEZIA, are predicated upon and arose solely out of that contract.

The Economic Loss Rule is relevant and must be applied to each cause of action of the Complaint filed by Plaintiffs. The economic loss rule has been explained as, "the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby encourages citizens to avoid causing harm to others." Premix-Marbletite Manufacturing v. SKW Chemicals, 145 F.Supp 2d 1348 (S.D. Fla. 2001) citing Casa Clara Condo. Assoc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244 (Fla. 1993) The Court has further explained that, "when the actions complained of relate directly to the subject matter of the parties' agreement, or are interwoven with the agreement, no independent tort exists and the Economic Loss Rule applies. Id. See Meterlogic, Inc. v. Copier Solutions, Inc., 126 F. Supp. 2d 1346 (S.D. Fla. 2000)

In the present case, the basis of any relationship, contact, or complaint is predicated upon the insurance contract between ALLSTATE and Plaintiffs. However, the allegedly actionable "conducts" of ALLSTATE through VENEZIA was the negligent overpayment of monies and representations about the payment, the written demand of treble damages pursuant to **Florida Statute § 772.11** for the Plaintiffs' failure to return that money, and according to Plaintiff's sixth cause of action, for common law tortuous interference with the insurance contract by Venezia.

The first two alleged actionable "conducts" in the Complaint both occurred solely as a result of the performance of duties by ALLSTATE under the insurance policy between ALLSTATE and Plaintiffs. The overpayment to Plaintiffs was a result of ALLSTATE attempting to satisfy its duties under the policy of insurance to adjust valid claims. However, a mistake was made and there was an overpayment of monies. The payment by ALLSTATE to Plaintiffs was made under the terms of the insurance policy and as such is specifically interwoven with the contract. There can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses  The written demand for the overpayment of monies, pursuant to **Florida Statute § 772.11**, was related directly to the overpayment monies as it was ALLSTATE'S attempt to obtain the return of that money. Due to the direct relationship between the written demand for the overpayment of monies by ALLSTATE in attempting to satisfy its duty under the insurance policy and the insurance policy itself, the vehicle which required payment for valid loss claims, no independent tort exists and the economic loss rule applies.

8

The third alleged actionable "conduct" is the tortious interference with the insurance contract by Venezia. The cause of action is reliant and dependent upon the fact that there is a contract between ALLSTATE and Plaintiffs. Simply put, without the contractual obligation between ALLSTATE and Plaintiffs there could be no allegation. However, since there is a contractual obligation and the actions complained of relate directly to the insurance contract, according to Meterlogic, Inc. supra, no independent tort exists and the economic loss rule applies.

When applying of the economic loss rule in conjunction with the facts of the instant case, as demonstrated above, this Honorable Court will find that there is no tort action available to the Plaintiffs. Still there is no tort action available, there is absolutely no action available to the Plaintiff's against PATRICIA VENEZIA as an individual. As a result this Honorable Court must allow this removal.

### THE PLAINTIFF'S HAVE FRAUDULENTLY JOINED PATRICIA VENEZIA BECAUSE THE TORT CAUSES OF ACTION ARE BARRED BY VIRTUE OF FLORIDA'S LITIGATION PRIVILEGE

"Traditionally, defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606 (Fla. 1994) citing Fridovich v. Fridovich, 598 So.2d 65 (Fla. 1992) "Consequently, the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable." Levin at 608 citing Wright v. Yurko, 446

So.2d 1162 (Fla. 5th DCA 1984)   Additionally, in the case of <u>Ponzoni & Wassenberg, P.A.</u> <u>v. Zuckerman,</u> 545 So.2d 309 (Fla. 3rd DCA 1989) the court found that the tortious claim of extortion, which was based on the alleged fraud and delaying tactics of counsel in the course of litigation, was improper because the conduct at issue was committed during the course of a judicial proceeding and was immune from civil liability in any subsequent proceeding.  Finally, in <u>Sailboat Key, Inc. v. Gardner,</u> 378 So.2d 47 (Fla. 3rd DCA 1979) the district court stated that, "it may be said that injurious falsehood, which is a tort that never has been greatly favored by the law, is subject to all the privileges recognized both in cases of personal defamation in those of other types of interference with economic advantage."

The scope of the privilege was outlined by the Florida Supreme Court in <u>Ange v.</u> <u>State,</u> 123 So. 916 (1929) and restated with modification regarding statements to police and state attorneys by private individuals prior to the institution of criminal charges in <u>Fridovich v.</u> <u>Fridovich,</u> 598 So.2d 65 (Fla. 1992):

> "This rule of privilege as applied to statements made in the course of judicial proceedings in not restricted to trials of actions, but includes proceedings before a competent court or magistrate in the due course of law or the administration of justice which is to result in any determination or action by such court or officer.  This privilege extends to the protection of the judge, parties, counsel and witnesses, and arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto."

The tort causes of actions are based upon alleged actions that occurred pursuant to Florida Statues.  More specifically, the cause of action for Negligent Misrepresentation relies upon and refers to the letter written by ALLSTATE and signed by PATRICIA VENEZIA,

dated April 22, 2002. This letter was written in response to the Civil Remedy Notice of Insurer Violation, pursuant to **Florida Statute § 624.155(2)(e).** **Florida Statute § 624.155(2)(e)** states, "[t]he insurer that is the recipient of a notice filed pursuant to this section shall report to the department on the disposition of the alleged violation."

Secondly, the cause of action for defamation which relies upon and refers to the demand letter sent by counsel for ALLSTATE to Plaintiffs, dated March 3, 2003, is also immune from suit because the written demand was sent pursuant to **Florida Statute § 772.11.** **Florida Statute § 772.11 Civil remedy for theft or exploitation** states, in relevant part, "[b]efore filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section."

Because the tort causes of action filed by the Plaintiff's are based upon alleged actions of ALLSTATE and PATRICIA VENEZIA taken pursuant to Florida Statutes relating to conduct to preliminary to litigation, Florida's Litigation Immunity is applicable. As stated by the Supreme Court of the United States, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action," and is thus "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511 (1985).

The above arguments clearly establish that VENEZIA has been joined in this action merely to defeat diversity jurisdiction. No action can be maintained against VENEZIA in this situation. However, assuming arguendo that this Honorable Court does not find the above

arguments sufficient, ALLSTATE has included specific additional arguments below for each cause of action.

### With Regard To The First Cause Of Action

Count I is entitled Declaratory Judgment Resolving Rights Under Fl. Stat. § 772.11 - Civil Remedy for Theft or Exploitation. It allegedly seeks declaratory relief against ALLSTATE and VENEZIA pursuant to chapter 86 et seq. of the Florida Statutes. The Plaintiffs ask this Honorable Court to make factual determinations regarding the written demand of ALLSTATE upon Plaintiffs pursuant to **Florida Statute § 772.11**.

Declaratory Proceedings are not designed for the purpose of trying disputed questions of fact. FLA. STAT. ch. 86.011 (2001) "The right to utilize our declaratory decree statute ... depends on whether or not the movant shows that he is in doubt as to the existence or non-existence of some right, status, immunity, power or privilege, that he is entitled to have such doubt removed, and, if circumstances warrant, obtain appropriate and necessary relief." Tindall v. Allstate Ins. Co., 472 So. 2d 1291 at 1292 (Fla. 2d DCA 1985), citing, Hildebrand Dep't of Natural Res., 313 So. 2d 73, 75 (Fla. 3d DCA 1975); FLA. STAT. ch. 86.021 (2001). Whether the Plaintiffs, "have committed criminal theft or exploitation related to, connected with, or in any fashion concerning any monies received by the Association from Allstate in payment of the claim for property damage," as averred in the Complaint and prayed for to be determined by this Honorable Court is an example of a purely factual issue, and as such is not within the purview of the declaratory judgment statute and is improperly contained in this declaratory action. (See paragraph 29 of the Complaint) Additionally, the prayer for a

12

"determination and adjudication of the rights and obligations of Plaintiffs regarding return of the sum claimed by Allstate," as requested in the wherefore paragraph, is also a factual determination that is not a doubt as to the existence or non-existence of some right, status, immunity, power or privilege. The rights and obligations of the Plaintiffs regarding the return of the sum claimed by ALLSTATE are specified in **Florida Statue § 772.11** which the Plaintiffs do not ask this Honorable Court to interpret.

However, even if this Honorable Court finds that declaratory relief were appropriate as to ALLSTATE, it is clearly inappropriate as to VENEZIA.

The complaint seeks no declaration of rights or any other type of relief as between Plaintiffs and VENEZIA. The written demand was made by ALLSTATE upon the Plaintiffs. VENEZIA has no claim or interest in the determination of any possible right, status, immunity, power or privilege regarding the written demand between ALLSTATE and Plaintiffs. Additionally, none of the reliefs prayed for by the Plaintiffs in the first cause of action include or request any determinations regarding VENEZIA. As such, based upon the above arguments, there is no possibility the Plaintiff can establish a cause of action against VENEZIA, ALLSTATE has satisfied its burden, pursuant to the ruling in Crowe v. Coleman, supra.

### With Regard To The Second Cause Of Action

Count II  is entitled Common Law Intentional Tort of Defamation Against Allstate and the Venezia Group. While this cause of action is predicated upon ALLSTATE'S written demand for the return of overpayment monies sent pursuant to **Florida Statute § 772.11** on

March 3, 2003, this was not the first attempt by ALLSTATE to obtain these monies. (See attached Exhibit 3)  The first request made by ALLSTATE, through its counsel, to Plaintiff's counsel to return the overpayment amount was on November 27, 2002. (See correspondence dated November 27, 2002, attached as Exhibit 6) Following up on that November 27, 2002, correspondence and subsequent telephone conversation with counsel for Plaintiffs on December 3, 2002, ALLSTATE sent correspondence confirming the fact that the Plaintiffs' position was that they would not be returning the overpayment monies to ALLSTATE. (See correspondence dated December 3, 2002, attached as Exhibit 7)   As evidenced by the attached exhibits ALLSTATE made several informal attempts to resolve this issue and were rebuffed by Plaintiffs each time before resorting to **Florida Statute § 772.11**.

This entire cause of action is based upon and predicated upon the correspondence sent by counsel for ALLSTATE to LAKESIDE care of its counsel, dated March 3, 2003. The March 3, 2003 letter is not signed by VENEZIA, nor is she even referenced, mentioned, or discussed in this letter.   To file this cause of action against VENEZIA is improper, unsubstantiated, and a blatant example of fraudulent joinder attempted by Plaintiffs in this Complaint.

Without any specific connection between Plaintiffs and PATRICIA VENEZIA with regards to the March 3, 2003 written demand, and based upon the above arguments, there is no possibility the Plaintiff can establish a cause of action against VENEZIA, ALLSTATE has satisfied its burden, pursuant to the ruling in <u>Crowe v. Coleman</u>, supra.

### With Regard To The Third Cause of Action

Count III is entitled Declaratory Judgment Determining the Existence, Scope and Amount of Insurance Protection Plaintiffs Purchased from Allstate.  Since this cause of action does not seek relief from VENEZIA, no argument will be made regarding the removal grounds.

### With Regard To The Fourth Cause Of Action

Count IV is entitled Violation of the Consumer Collection Practices Act By Allstate and the Venezia Group.  This count  is based upon the same March 3, 2003 letter (notice of civil theft) sent by ALLSTATE'S counsel to LAKESIDE care of its counsel referred to in Count II.   The arguments regarding Count II are incorporated by reference into this Count IV.  VENEZIA simply did not author the letter nor is she named in the letter.

Further, this Count could not be asserted against <u>any</u> Defendant.  Plaintiff's reliance upon Title 33. Regulation of Trade, Commerce, Investments, and Solicitations, Chapter 559. Regulation of Trade, Commerce, and Investments, Generally, Part VI. Consumer Collection Practices, is misplaced.  This Title, Chapter and Part were not intended to give rise to a cause of action under these circumstances.  The overpayment amount discussed in the Notice of Civil Theft letter which is Exhibit 3, is not a debt or a consumer debt as defined in **Florida Statute § 559.55(1)**.  There was no "transaction" between ALLSTATE and LAKESIDE as defined in **Florida Statute § 559.55 (1)**.  There is no "debt" or "consumer debt," either under the definition or the statute.  This was simply an overpayment which would be considered a windfall by the Plaintiffs if they are allowed to keep it.   There was no transaction,

consideration, exchange, or duty to pay the Plaintiffs the additional funds which they received above the undisputed amounts. This was not a loan, not a debt, not a consumer debt, not a credit transaction, not a purchase, not payment for services rendered, or payment for chattel: this was an overpayment that was made by mistake and which the owner requested be returned.

Based upon the above arguments, there is no possibility the Plaintiff can establish a cause of action against VENEZIA, ALLSTATE has satisfied its burden, pursuant to the ruling in Crowe v. Coleman, supra.

### With Regard to the Fifth Cause of Action

Count V is entitled Common Law Negligent Misrepresentation By Allstate and Venezia. First, as discussed above, the Economic Loss Rule precludes any such action. The alleged "negligent misrepresentations" were simply VENEZIA'S conduct in the performance of ALLSTATE'S contractual obligation to pay this claim. This conduct was contractual in nature and in fact it cannot form the basis for an "independent" tort, thereby avoiding application of the economic loss rule. In a contract action, Plaintiffs' remedy is solely against the corporation ALLSTATE; no cause of action lies against the employees of the corporation for their conduct in the performance of the contract.

Further, a necessary element of a cause of action for Negligent Misrepresentation is injury or damages suffered by the claimant. No injury or damages are alleged in this Count. There are no damages alleged because the only available "damages" would be the monies that belong to ALLSTATE that were overpaid to Plaintiffs.

16

Even if Plaintiffs do in fact amend their Complaint to include some sort of damages, this count cannot be maintained at this time. Blumberg v. USAA Casualty Insurance Company, 790 So.2d 1061 (Fla. 2001). In Blumberg, the Florida Supreme Court held that a negligence cause of action against an agent accrues when the client is damaged by its failure to obtain a judgment against the principal in the related or underlying judicial proceedings. The Plaintiffs cannot establish damages against the agent for its conduct until they have been denied recovery from the principal based on the contract. Any cause of action for negligence will not become ripe until such time as the remaining counts of the Complaint against ALLSTATE have been resolved and the Plaintiffs have indeed been damaged.

Based upon all of the above arguments, there is no possibility the Plaintiff can establish a cause of action against VENEZIA, ALLSTATE has satisfied its burden, pursuant to the ruling in Crowe v. Coleman, supra.

### With Regard To The Sixth Cause Of Action

Count VI is entitled Common Law Tortious Interference With Contract By Venezia. This cause of action itself is reliant and dependent upon the fact that there is a contract between ALLSTATE and Plaintiffs, and it is subject to the economic loss rule as discussed above. The contractual obligation between ALLSTATE and Plaintiffs is the basis for this action. Without that obligation there would be no alleged cause of action. Since there is a contractual obligation and the actions complained of relate directly to the insurance contract, according to Meterlogic, Inc. no independent tort exists and the economic loss rule applies.

17

Secondly, this cause of action begins by incorporating Paragraph 11. Paragraph 11 states that PATRICIA VENEZIA is

> "the person in direct charge of primarily handling, supervising, and decision making on behalf of Allstate with respect to Plaintiffs' claim for property damage involved herein. All actions or inactions by Venezia were taken in the course and scope of her employment by Allstate. Moreover, Allstate authorized or ratified each complained of act or omission by Venezia alleged herein, except those specified in Plaintiffs' Sixth Cause of Action."

This paragraph is in direct conflict with the entire cause of action.

Third, there is no cause of action recognized in tort law where a party to a contract can tortiously interfere with its own contract. Generally, this is known as breach of contract.

Finally, as discussed above, attached are Exhibits 4 and 5 which are sworn affidavits from VENEZIA and Robyn Shafer which establish that VENEZIA is an employee of ALLSTATE, that all of her actions regarding this captioned matter were within the scope of her duties, and that all of her actions regarding this captioned matter were authorized and ratified by ALLSTATE.

Accordingly, based upon the above arguments, there is no possibility the Plaintiff can establish a cause of action against VENEZIA, ALLSTATE has satisfied its burden, pursuant to the ruling in Crowe v. Coleman, supra.

## DEFENDANTS "X," "Y," AND "Z" ARE FICTITIOUS NAMES AND THEY SHALL BE DISREGARDED FOR THE PURPOSES OF REMOVAL

Defendants "X," "Y," AND "Z", although named Defendants, as stated in the Plaintiff's Complaint, Paragraph 12, "on information and belief", "were and still are, individual residents of the State of Florida." Pursuant to 28 U.S.C. § 1441(a), ALLSTATE

Arden J. Lea, Esquire, 102-A Miracle Strip Parkway Southwest,  Fort. Walton Beach, Florida 32548.

**POWERS, McNALIS & TORRES**
2328 10th Avenue North
Suite 601
Lake Worth, FL 33461
(561) 588-3000
Attorneys for Allstate Insurance Company and
Attorneys for Patricia Venezia

By: _____
    *for* BRIAN C. POWERS, ESQ.
    Florida Bar No. 269778

7282/201967

20

is entitled to removal.  28 U.S.C. § 1441(a) provides:  "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

Clearly, a reasonable reading of the Complaint shows that the Plaintiffs have joined VENEZIA and XYZ merely to avoid the Federal Court diversity jurisdiction. Plaintiffs were aware ALLSTATE would remove any actions against it as demonstrated by the Petition to Compel Appraisal filed by Plaintiff LAKESIDE, which was removed to the Honorable Court by ALLSTATE.  Merely joining resident defendant employees of ALLSTATE without any grounds to do so, will not defeat diversity jurisdiction.  Based upon the above cited reasons, Defendant, ALLSTATE requests that this civil action be removed to this Court as provided by 28 U.S.C. §1441 et seq.,  and that this Court accept jurisdiction of this action.

F~ BRIAN C. POWERS, ESQ.
Florida Bar No. 269778

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and United States Mail this _____28th_____ day of April, 2003, to:

19

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
IN AND FOR OKALOOSA COUNTY FLORIDA
CIVIL DIVISION

LAKESIDE VILLAGE CONDOMINIUM        *
ASSOCIATION, INC., DARLANE          *
LANDSBERGER, DONALD                 *
McDONALD, RONALD BENNETT            *
AND WILLIAM PHILLIPS                *
                                    *
        Plaintiffs,                 *
                                    *
    vs.                             *        Case No.    03CA1268
                                    *
ALLSTATE INSURANCE COMPANY,         *
PATRICIA VENEZIA, AND               *
DEFENDANTS "X", "Y" AND "Z"         *
                                    *        CLASS ACTION
        Defendants                  *
                                    *
* * * * * * * * * * * * * * * * *

## COMPLAINT

    **NOW INTO COURT,** through undersigned counsel, comes Lakeside Village
Condominium Association, Inc. ("the Association"), Darlane Landsberger, Donald
McDonald, Ronald Bennett, and William Phillips (hereinafter collectively referred to as
"Directors"), Plaintiffs herein, and, in a complaint for damages and an action for declaratory
judgment against Defendants Allstate Insurance Company ("Allstate"), Patricia Venezia,
and Defendants "X", "Y" and "Z" (hereinafter collectively referred to as "the Venezia Group")
with respect aver and allege as follows:

    1.    This is an action for damages at law and for declaratory judgment pursuant
          to Fl. Stat. §86.011, *et seq* seeking relief that involves an amount in
          controversy exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of
          interest, cost, and attorney's fees.



2       Jurisdiction and venue are properly vested in this Court.

### A. The Litigant Parties

3.      At all times material hereto, Plaintiff, Lakeside Village Condominium
        Association, Inc. was and still is a Florida Corporation organized and existing
        by virtue of the laws of the State of Florida, whose membership is entirely
        comprised of owners of certain residential condominiums located in Niceville,
        Florida, County of Okaloosa.

4.      At all times material hereto, Plaintiffs, Landsberger, McDonald, Bennett, and
        Phillips each were and still are residents of the State of Florida and members
        of the Board of Directors of the Association. As members of the Board of
        Directors, each were and still are charged with responsibility of completely
        and exclusively managing and overseeing the entire commercial affairs of
        the Association and all were legally obligated to perform every duty with
        respect thereto in a strict, fiduciary manner.

5.      The Association and Directors specifically aver that the control of the subject
        condominium has been obtained by unit owners, other than the developer,
        and bring this action pursuant to Fla. R. Civ. P. 1.221 in their names on
        behalf of themselves and all other unit owners

6.      All other unit owners have title to an undivided interest in the common
        elements of the Condominiums, with a real right or interest in the insurance
        proceeds herein and, thus, are real parties in interest as persons in whom
        rest, by Florida substantive law, certain of the claims sought to be enforced
        in this proceeding, *inter alia,* by virtue of the provisions of Fl. Stat. §718.11

-2-

naming each of them as additional insureds in the subject policy of property insurance (Exhibit "A").

7    The subject matter of certain of the causes of action, where designated, concern matters of common interest to all Plaintiffs, such as

   a.    A contract of insurance entered into by the Association on behalf of all unit owners, purchased with funds assessed each unit owner, protecting property consisting of common elements in which each unit owner owns an undivided interest, in which each member of the class is expressly made an additional insured by virtue of Florida Statute, and;

   b.    A reimbursement claim by Allstate for monies allegedly derived by the Association, of which each unit owner is a member, from criminal activity for which each member has potential financial exposure

8.    Additionally, all Plaintiffs joined herein are jointly and identically affected by the conduct of Defendants, in that each were represented by the same "agent", the Association and Board, in all transactions material hereto and all are privy to the identical contract of insurance under which the rights of each are derived and governed.

9.    Also, all members of the class herein: (1) are engaged in a cooperative enterprise consisting of the operation of and ownership in a condominium complex (2) have a joint pecuniary interest in the subject matters of this action brought on their behalf and (3) do not have a choice of remedies which are subject to separate and distinct defenses as each were represented by, and relied upon, the Association in all transactions complained of.

10.   At all times material hereto, Defendant Allstate was an insurance company that was authorized and licensed to market and sell insurance policies to consumers in the State of Florida and in Okaloosa County

11    At all times material hereto, Defendant Patricia Venezia ("Venezia") was, and still is, a resident of the State of Florida, employed by Allstate as a Senior Commercial Claim Representative in Commercial Claims Unit located in St. Petersburg, Florida and was, and still is, the person in direct charge of primarily handling, supervising, and decision making on behalf of Allstate with respect to Plaintiffs' claim for property damage involved herein. All actions or inactions by Venezia were taken in the course and scope of her employment by Allstate  Moreover, Allstate authorized or ratified each complained of act or omission by Venezia alleged herein, except those specified in Plaintiffs' Sixth Cause of Action.

12.   At all times material hereto, on information and belief, Defendants "X", "Y", and "Z" were, and still are, individual residents of the State of Florida whose identities are presently unknown but will be revealed and discovered shortly. Each will be shown to have acted and/or participated jointly and in concert with Allstate and/or Venezia within the State of Florida in committing tortuous acts or omissions harming Plaintiffs.

## B. Common Relevant Facts

13.   The Association, after Board approval, purchased a policy of insurance entirely drafted by Allstate entitled *"Special Form Customizer Policy No.*

-4-

049506509-05/19" (Exhibit "A") which, *inter alia*, promised protection for the Association's property for the period May 19, 2001 to May 19, 2002

14.   During this policy period, the Association discovered that residential property insured under the subject policy had been "physically damaged", as that word is used in Exhibit "A", and promptly provided notice to its Insurer.

15.   Thereafter two "Sworn Proofs of Loss" were submitted by the Association to Allstate; one dated October 11, 2001 (Exhibit "B"); and the other dated May 7, 2003 (Exhibit "C"), totaling $4,390,594.48.

16.   Thereafter, Allstate categorized the above damages claimed .by the Association into  three basic groups ("damage groups") for consideration:

   a.    Damages claimed to the fronts and rear sides of the condominium buildings;

   b.    Damages claimed to the "side walls" of the two sides of each of the condominium buildings; and

   c.    Damages claimed for remediation of mold present in the wall cavities located between the exterior and interior wall areas.

17.   Several months after notice of the claim, Allstate recognized that coverage existed for damage at certain unspecified locations of the residential condominiums and tendered several minimal "advance" payments.

18.   Two letters dated April 22, 2002 received by the Association written by Defendant Venezia on behalf of Allstate — one directed to the Association through its Attorney (Exhibit " D") and the other addressed to the Florida Department of Insurance (Exhibit "E") — referred to a check purporting to be "the final amount due and owing under the Allstate contract of insurance"

(Exhibit "E"), and other similar wording conveying Allstate's apparent intent that this payment it tendered for acceptance by the Association was "undisputed".  This check, as was done with others, was negotiated and committed to repair operations at the Condominiums

19.    The present status regarding the Association's claim for the three damage groups is:

a.    Group A - Allstate, through its experts, has determined the final amount due for these damages and has paid same (Exhibit "E")

b.    Group B - Allstate has been provided with photographs of the repairs to this area, given access to all documentation in the possession of the Association, and allowed to directly contact the Association's Florida licensed contractor who performed these repairs in order for Allstate to secure any desired information.(Exhibit "F")

c.    Allstate has recently advised that the claimed mold damage is not covered because the Insurer's investigation and testing has conclusively revealed that there is no necessity for any remediation at the Condominiums and has acknowledged, under oath, that the Company never pays claims damage it believes is non-existent.

20.    On March 3, 2003, Allstate provided written notice to the Association that it was demanding payment of $652,025.64 as reimbursement for a $217,141.88 sum that, earlier in the claim, Defendant Venezia had "accidently overpaid".  According to Allstate, this was the amount owed by the Association to which the Insurer was legally and justly entitled pursuant to Fl  Stat. § 772.11, *Civil Remedy For Theft or Exploitation*, payable within thirty (30) days on penalty of being sued for attorney's fees and costs in addition thereto  (Exhibit "G").

21.    In this same letter (Exhibit "G"), Allstate also made express threat of coverage denial and has refused, despite written demand by the Association, to acknowledge or, for that matter, even respond to the Association's plea that the Defendant Insurer confirm continued existence of protection it sold to Plaintiffs earlier.

22.    The pleas of the Association and Directors for Allstate to pay amount payable, prior to the Insurance Company instituting suit on its criminal theft and exploitation charges against the Association, have likewise been rejected by Allstate and the Venezia Group

23.    All relief claimed herein arise out of the actions and/or inactions of Allstate and the Venezia Group with respect to the claim for property damage by the Association and monies potentially due to the litigants under the applicable policy of insurance (Exhibit "A") or otherwise.

### FIRST CAUSE OF ACTION

*Declaratory Judgment Resolving Rights Under Fl. Stat. § 772.11-*
*Civil Remedy for Theft or Exploitation*

24.    Plaintiffs reaver and reallege the allegations set out in Paragraphs 1 through 23 the same as if set out herein *in extenso.*

25.    There is a real and determinable controversy between the parties concerning Plaintiffs' potential financial and criminal exposure under the above statute upon which Allstate's written claim for relief is grounded, whether the sums

claimed by Allstate were indeed "mistakenly" paid, if any recoupment should be due to Allstate, and, if so, the amount thereof.

26.   Plaintiffs are in doubt as to the existence of their rights and privileges and the extent of their exposure, both criminal and financial, under the subject statute and are entitled to have this doubt removed.

27.   All parties that have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter of this dispute will be before this Court and their interest represented in this proceeding.

28.   As a direct result and consequence of the specified actions, inaction, and conduct of the Defendant Insurer and the Venezia Group there is a *bona fide,* actual, present and practical need that this Court declare the rights, obligations, and exposure of the parties because:

   a.   Property values of the Association's units are being progressively impaired by Allstate's charge of theft and exploitation;

   b.   The reputations of the Association and the Directors are being progressively injured by Allstate's continuing charge of criminal theft and exploitation;

   c.   The marketability of Plaintiff's property is being adversely affected in that a prospective purchaser may be exposed to financial exposure for assessment to cover Allstate's claimed amount, if the Insurer's claim later were to be determined meritorious,

   d.   Plaintiffs are exposed to economic damage by being forced to fund assessments, through saved or borrowed funds, that will be necessary to preserve the property from further damage and reduce life/safety issues until this issue is resolved, and;

   e.   There is a real and present danger that, unless these issues are addressed and finally resolved in one proceeding, inconsistent results are probable.

-8-

29.     Plaintiffs aver that they neither, individually nor collectively, have committed criminal theft or exploitation related to, connected with, or in any fashion concerning any monies received by the Association from Allstate in payment of the claim for property damage.

30.     *All* monies received were committed to the repair of the damage to the Condominiums in full satisfaction of their fiduciary obligation and were exhausted by May, 2002, prior to any claim for return of that amount, trebled, as is now demanded by Allstate.

31.     Instead, Plaintiffs expressly aver that any "mistake" by Venezia was entirely and completely unilateral in nature and not caused or contributed to by any action or inaction by the Association, Directors and/or any entity acting on their behalf.

32.     Moreover, the subject mistake was solely and completely due to Venezia's lack of using that degree of care and diligence which would have been exercised by a professionally licensed claims person of reasonable prudence under identical circumstances

33.     Plaintiffs contend they have no obligation to make examinations and calculations regarding claims payments or any duty to insure that an experienced, professional claims person, such as Venezia represents herself to be, adequately performs these elemental arithmetical calculations, especially when the parsimonious sum tendered is less than one-third of Plaintiffs' total claim.

34.   Moreover, Plaintiffs aver that their reliance upon Venezia's representation and any alleged failure their part to realize "mistakes" in amounts paid to them is minuscule as compared to Allstate's (a large New York Stock Exchange Company, with instant recourse to national accounting firms and who, presumably, has in place sophisticated financial controls), who allegedly failed to discover its employees unilateral "error" for over nine (9) months.

35.   Alternatively, should the Association or Directors be found to be liable to Allstate, then, in that event, Plaintiffs specifically plead entitlement to offset and credit against any damages awarded on grounds that:

   a.   Allstate impermissibly reduced previous payments for an amount it determined to be "depreciation" and withheld this figure after it knew all sums it advanced for repair had been exhausted in that process, and;

   b.   The true and correct amount due under the policy (Exhibit "A") from Allstate for the damage suffered by the Plaintiffs is greatly in excess of the amount demanded by Insurer herein.

36.   An actual controversy between Plaintiffs, Allstate, and the Venezia Group has arisen as to whether the Association and/or the Directors have committed criminal theft or exploitation within the meaning of Fl. Stat § 772 11 and whether Allstate is entitled to treble damages thereunder.

37.   A determination of the rights, obligations and duties of Plaintiffs and all Defendants as aforesaid will terminate the controversy and remove any uncertainty regarding the above.

38.   As a direct and proximate consequence of Allstate making the above unfounded charges without substantial factual or legal support, Plaintiffs have been required to retain undersigned counsel and have agreed to pay him a reasonable fee for bringing this action. Thus, pursuant to Fl. Stat. § 772.11, Fl. Stat. § 627.428 and the provisions of the Florida Rules of Civil Procedure, Plaintiffs are entitled to be awarded damages in such amount as is determined by this Court to be due for these attorney's fees and costs upon prevailing herein.

WHEREFORE, Plaintiffs pray that Allstate and each member of the Venezia Group be summoned to appear, answer, except or otherwise plead to all as aforesaid and, after due proceedings .had, there be a determination and adjudication of the rights and obligations of Plaintiffs regarding return of the sum claimed by Allstate, including whether Plaintiffs or any of them have engaged in criminal theft and exploitation. Plaintiffs further pray that this Court grant such other and further supplemental and ancillary relief that may be necessary to facilitate the resolution of this entire controversy  Lastly, Plaintiffs pray that they be awarded costs of this proceeding, attorney's fees, and all interest which may be legally recoverable on sums awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES.**

### SECOND CAUSE OF ACTION

*Common Law Intentional Tort of Defamation Against*
*Allstate and the Venezia Group*

39.   Plaintiffs reaver and reallege the allegations contained in Paragraphs 1 through 23 the same as if set out herein *in extenso.*

-11-

40. Allstate's charges of criminal theft and exploitation against the Association made in its correspondence of March 3, 2003 (Exhibit "G") and authorized by the Venezia Group was sent with the purpose and knowledge that the Directors would be forced to honor their fiduciary duty and, by necessity, disseminate the criminal charges contained therein to each and every unit owner member of the Association.

41. Additionally, Allstate and the Venezia Group knew or should have known that a corporation such as the Association could not be liable for any alleged criminal activity except vicariously through the actions or inactions of its four (4) Directors, a group so small that any defamatory statement as to criminal conduct of the Association would be understood to refer to each Director thereof.

42. The theft crimes necessary to trigger the provisions of Fl. Stat. § 772.11, those contained in Fl. Stat. §§812.012-812.037, are major felonies and infamous crimes under Florida law, punishable by imprisonment for a period up to thirty (30) years.

43. Any written or printed statement which falsely and maliciously charges another with the commission of a crime such as theft or exploitation is libelous *per se* under Florida law and malice and damages are presumed.

44. The wording of the March 3, 2003 letter (Exhibit "G") authorized by Allstate and the Venezia Group and forwarded on their instruction would naturally and presumably be understood by those to whom it is published as accusing the Directors of crime.

-12-

45      Under Florida law, falsity is presumed  Thus, a defamatory statement that is actionable *per se* is presumed to be false and the Defendants herein bear the burden of producing evidence sufficiently preponderant to overcome the legal presumption of Plaintiffs' innocence.

46.     Alternatively, Plaintiffs aver that Allstate and the Venezia Group made the complained of statements recklessly, without using reasonable care to determine the truth or falsity of those factual statements.

47.     In the further alternative, the Association alleges that the statements of Allstate and the Venezia Group have damaged the trade or business of the Association, have deterred third persons from dealing with it, and/or has damaged the Association with respect to its property and/or credit. Such damage may reasonably be expected to continue and grow unless allegations of felonious criminal activity are retracted by the Defendants quickly.

48.     In the further alternative, the Directors aver that the false, fraudulent, malicious and libelous statements were made by Allstate and the Venezia Group, with the intent to hold each of the Directors up to public hatred, scorn, ridicule, scandal, and disgrace, and to defame Plaintiffs and induce an evil opinion of each of the Directors in the minds of right-thinking persons, thereby depriving Plaintiffs of their confidence and friendly intercourse and causing each of them to experience of a frequent basis extreme anxiety, mental pain and suffering.  Such damage may reasonably be expected to

-13-

continue and grow unless allegations of felonious criminal activity are retracted by the Defendants quickly.

49.   At the time the Venezia Group and Allstate authorized the formal written notice of the intent to charge the Association and Directors with violation of Fl. Stat. §772.11, *Civil Remedy for Theft and Exploitation*, each of them knew that neither the Association nor its Directors had committed the felonious conduct necessary to satisfy the strict standards of the statute.

50.   Each Defendant was aware that the sum paid by Allstate, allegedly gained by criminal thievery or exploitation, was in fact, viewed in the best light from the Defendants' standpoint, not even remotely caused or contributed to by any act or omissions by the Association.   Rather, the funds were paid by Venezia *voluntarily*, through her own *unilateral* mistake, apparently caused by either her inattention to detail or inability to perform simple arithmetical calculations

51.   Each of the Defendants knew that it was not "criminal" to fail to recognize and correct a mistake make by others.

52.   Each of the Defendants knew that no conduct by the Association or Directors entitled an insurance company to three times the amount it "mistakenly" paid on a claim because the Association and Board accepted the amount tendered, believed and relied upon the representations in Venezia's letters (Exhibits "D" and "E"), and merely "mistakenly" failed to recognize Allstate's mistake.

-14-

53. Each of the Defendants were aware that Plaintiffs had spent all of the disputed funds in repair operations at the Condominiums, as they were duty bound to do.

54. Each of the Defendants were aware that repair operations had been discontinued at the Condominiums because of lack of funds.

55. Consequently, each of the Defendants knew that the $651,425.64 it demanded be paid to Allstate would be impossible for the Plaintiffs to raise and pay within a thirty day period, even if they recognized an obligation to do so.

56. Plaintiffs aver that the acts of the Defendants in knowingly and falsely asserting violation by the Association and Board of a statue whose triggering requires the commission of felonious crimes as the benchmark for recovery was "intentional" within the meaning of Fl. Stat. §559.77.

57. Moreover, Plaintiffs aver that the true purpose, thinly veiled, sought to be served by Defendants was to successfully threaten and coerce Plaintiffs into withdrawing their claim for damages against Defendants or to settle it for an amount less than rightly due under the policy and thereby reap an illicit financial gain at Plaintiffs' expense.

58. On information and belief, Plaintiffs further aver that each of the Defendants committed acts constituting "intentional misconduct" and "gross negligence" as those terms are used in Fl Stat. §768.72, with a specific intent to harm Plaintiffs which did in fact harm each Plaintiff.

-15-

59. Plaintiffs reserve their right to claim the benefit granted by Fl. Stat. §768.72 relating to liberally construing the rules of civil procedure to allow discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. Also, Plaintiffs reserve their right, upon reasonable showing by evidence in the record or proffered, to move to amend their complaint to assert a claim for punitive damages.

WHEREFORE, Plaintiffs pray that Allstate and each member of the Venezia Group be summoned to appear, answer, except or otherwise plead to all as aforesaid and, after due proceedings had, there be judgment in favor of the Association and each of the Directors, in their individual capacities and as representatives of the class, and against Allstate and each member of the Venezia Group, jointly and severally, for the full amount of damages proven at the trial hereof, costs, and any interest which may be legally recoverable on sums awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

### THIRD CAUSE OF ACTION

*Declaratory Judgment Determining the Existence, Scope and Amount of Insurance Protection Plaintiffs Purchased from Allstate.*

60. Plaintiffs reaver and reallege the allegations contained in Paragraphs 1 through 23 the same as if set out herein *in extenso.*

61. As reflected by the above facts, there is a real and determinable controversy between Plaintiffs' and Allstate's rights, under the respective policy, of insurance the Defendant Insurer issued in exchange for Plaintiffs' payment of the premium. In particular, real and determinable controversies exist as

-16-

to whether Allstate's threat to reject further payment of the property damage claim by Plaintiffs for damage to their residential property is warranted under the facts. If not, there remains a real and determinable controversy as to the scope and amount of coverage that remains to be paid by Allstate, if any

62.  Plaintiffs are in doubt as to the existence and extent of their rights and privileges concerning the coverage under the subject policy of insurance (Exhibit "A"), authored and sold to them by Allstate, and are entitled to have this doubt removed.

63.  All parties that have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter of this dispute will be before this Court and their interest represented in this proceeding

64.  As a direct result and consequence of the specified threats, actions and conduct of the Defendant Insurer, there is a *bona fide*, actual, present and practical need that this Court declare the rights and obligations of the parties because:

a.  Property value of the Plaintiffs' units are being progressively impaired;

b.  The marketability of Plaintiffs' property is being adversely affected in that there is no indication as to when, if ever, an insurance recovery will be achieved or the extent thereof and, thus, it is difficult to value the damaged property to ascertain an accurate market sales price;

c.  Plaintiffs are suffering risk of severe economic damage by having to fund in response to assessments, through saved or borrowed funds, potential payment for large but mandatory repairs necessary to preserve the property;

d.  There is a real and present danger that, unless theses issues are addressed and finally resolved in one proceeding, inconsistent results are probable, and

-17-

e.   Despite purchasing what was represented to be the broadest coverage offered by Allstate, this Insurer nevertheless has threatened divestiture of purchased coverage and refuses to acknowledge the extent or amount of present coverage, despite demand.

65.   The policy of insurance purchased by Plaintiffs from Allstate is what is commonly called, in insurance circles, an "all-risks" policy, which creates a special type of protection extending to risks not usually contemplated and recovery under such a policy extends to every risk of a fortuitous nature not specifically excluded.

66.   Plaintiffs aver that their residential property insured by Allstate suffered physical damage from a fortuitous cause during the policy period.

67   Plaintiffs have satisfied all conditions precedent to bringing this action.

68   Instead of making full and timely payment to the Association, however, Allstate merely threatens non-coverage and refuses to acknowledge responsibility for further payment in any amount whatsoever.

69.   Consequently, Plaintiffs aver that there is an actual, existing controversy as to their rights under the policy (Exhibit "A") and extent of Allstate's duty to pay further sums thereunder, if any.

70   A determination of the rights and obligations of Plaintiffs and Allstate as aforesaid will terminate the controversy and remove any uncertainty regarding the extent coverage and amounts due with respect to the claim by Plaintiffs presently pending.

71.   As a direct and proximate result of Allstate refusing to honor or acknowledge coverage under the "all-risks" policy of insurance it sold to Plaintiffs   and

threatening divestiture of same, Plaintiffs have been required to retain undersigned counsel and agree to pay him a reasonable fee for bringing this action. Thus, pursuant to Fl. Stat. § 627.428, Plaintiffs are entitled to be awarded damages in such amount as is determined by this Court to be due for these attorney's fees upon prevailing herein.

WHEREFORE, Plaintiffs pray that Allstate be summoned to appear, answer, except or otherwise plead to all as aforesaid and, after due proceedings had, there be a determination and adjudication of the rights and obligations of Plaintiffs and the Defendant Insurer under the subject policy of insurance, including the scope and amount of coverage due to Plaintiffs, if any. Plaintiffs further request that this Court grant such other supplemental and ancillary relief that may be necessary to facilitate the resolution of this entire controversy. Lastly, Plaintiffs pray that they be awarded costs of this proceeding, attorney's fees, the amounts rightly and justly due under their policy of insurance, and any interest which may be legally recoverable on sums awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES.**

### FOURTH CAUSE OF ACTION

*Violation of the Consumer Collection Practices Act
By Allstate and the Venezia Group*

72.   Plaintiffs reaver and reallege the allegations contained in Paragraphs 1 through 23 the same as if set out herein *in extenso.*

73.   This is an action advanced pursuant to the provisions of Fl. Stat. §559.77 as a class action on behalf of all unit owners of residential property at the Condominium complex

-19-

74.   Each Plaintiff is a "Debtor" within the meaning of the referenced statute because each is "' . . . natural person obligated or allegedly obligated to pay any debt" by virtue of the fact that each unit owner, by necessity, would be the source of any reimbursement of the "debt" alleged by Allstate in its March 3, 2003 correspondence demanding payment." (Exhibit "G")

75.   The "debt" alleged to be due by Allstate is a "consumer debt" within the meaning of Fl. Stat. §559.55 in that it is an " . . . obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

76.   Fl. Stat. §559.72 provides in relevant part:

> In collecting consumer debts, "No person shall claim , attempt, or threaten to enforce a debt when such person knows the debt is not legitimate, or assert some other legal right when such person knows that the right does not exist "

77.   At the time the Venezia Group and Allstate authorized the formal written notice of the intent to charge the Association and Directors with violation of Fl. Stat. §772.11, *Civil Remedy for Theft and Exploitation*, each of them knew that neither the Association or its Directors had committed the felonious conduct necessary to satisfy the strict standards of the statute.

78.   Each Defendant was aware that the sum paid by Allstate, allegedly gained by criminal thievery or exploitation, was in fact, viewed in the best light from the Defendants' standpoint, not even remotely caused or contributed to by

-20-

any act or omissions by the Association   Rather, the funds were paid by Venezia *voluntarily*, through her own *unilateral* mistake, apparently caused by either her inattention to detail or inability to perform simple arithmetical calculations.

79.   Each of the Defendants knew that it was not "criminal" to fail to recognize and correct a mistake made by others.

80.   Each of the Defendants knew that no conduct by the Association or Directors entitled an insurance company to three times the amount it "mistakenly" paid on a claim because the Association and Board accepted the amount tendered, believed and relied upon the representations in Venezia's letters (Exhibits "D" and "E"), and merely "mistakenly" failed to recognize Allstate's mistake.

81.   Each of the Defendants were aware that Plaintiffs had spent all of the disputed funds in repair operations at the Condominiums, as they were duty bound to do.

82.   Each of the Defendants were aware that repair operations had been discontinued at the Condominiums because of lack of funds

83.   Consequently, each of the Defendants knew that the $651,425.64 it demanded be paid to Allstate would be impossible for the Plaintiffs to raise and pay within a thirty (30) day period, even if they recognized an obligation to do so.

84.   Plaintiffs aver that the acts of the Defendants in knowingly and falsely asserting violation by the Association and Board of a statue whose triggering

-21-

requires the commission felonious crimes as the benchmark for recovery was "intentional" within the meaning of Fl. Stat. §559.77.

85      Moreover, Plaintiffs aver that the true purpose, thinly veiled, sought to be served by Defendants was to successfully threaten and coerce Plaintiffs into withdrawing their claim for damages against Defendants or to settle it for an amount less than rightly due under the policy and thereby reap an illicit financial gain at Plaintiffs' expense.

86.     On information and belief, Plaintiffs further aver that each of the Defendants committed acts constituting "intentional misconduct" and "gross negligence" as those terms are used in Fl. Stat. §768.72, with a specific intent to harm Plaintiffs which did in fact harm each Plaintiff.

87.     Plaintiffs reserve their right to claim the benefit granted by Fl. Stat. §768.72 relating to liberally construing the rules of civil procedure to allow discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.  Also, Plaintiffs reserve their right, upon reasonable showing by evidence in the record or proffered, to move to amend their complaint to assert a claim for punitive damages.

WHEREFORE, Plaintiffs pray that Allstate and each member of the Venezia Group be summoned to appear, answer, except or otherwise plead to all as aforesaid and, after due proceedings had; there be judgment in favor of the Association and each of the Directors, in their individual capacities and as representatives of the class, and against Allstate and each member of the Venezia Group, jointly and severally, for the full amount

-22-

of damages, compensatory and statutory, proven at the trial hereof, costs, attorney's fees, and any interest which may be legally recoverable on sums awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

<u>FIFTH CAUSE OF ACTION</u>

*Common Law Negligent Misrepresentation*
*by Allstate and Venezia*

88.   Plaintiffs reaver and reallege the allegations contained in Paragraphs 1 through 23 the same as if set out herein *in extenso*.

89.   In her letter of April 22, 2002, directed to the Florida Department of Insurance (Exhibit "E "), Venezia represent to that Department and, by copy of this letter to the Association, to Plaintiffs : ". . . *the amount of $636,048.59 is the final amount due and owing under the Allstate contract of insurance, which has been forwarded to Lakeside.* This payment is intended to, and does, "cure" the facts and circumstances giving rise to the alleged violation in the Notice. *It is the contractual amount die (sic) the insured".* [citation omitted]. Accordingly, no action will lie under Section 624.155 Florida Statutes" [emphasis supplied]

90.   In her letter on that same date to the Association through its attorney (Exhibit "D"), Venezia again represented: "Also, please find enclosed the *payment of the undisputed amount owed under the contract of insurance in the amount of $636,048.59. . . .* As a result of these payments, Allstate believes it has fully satisfied its duties and obligations under the policy of insurance with respect to the above-referenced matter.   Allstate has acknowledged

-23-

> coverage for collapse damage caused by hidden decay and insect damage, and *has paid the undisputed amounts owed under the contract.*" [emphasis supplied]

91. The above representations by Venezia were made in the course of her business profession or employment in satisfying Allstate's obligation to promptly supply its policyholders with information regarding the availability of coverage and the amount thereof.

92. The above representations by Venezia were false and were supplied to the Association and Directors for guidance in their business transactions and decisions relating to the nature, extent and amount of money available for repairing the insured Condominiums

93. The Association and Directors reasonably and justifiably relied upon Venezia's representations to their detriment.

94. Venezia failed to exercise the degree of care or competence expected of a senior claims supervisor for one of the largest insurance companies in America in obtaining or communicating the information regarding the amount of money available for use in repair of the damaged Condominiums by the Association and Directors and Plaintiffs have been damaged thereby.

WHEREFORE, Plaintiffs pray that Allstate and Venezia be summoned to appear, answer, except or otherwise plead to all as aforesaid and, after due proceedings had, there be judgment in favor of the Association and each of the Directors, in their individual capacities and as representatives of the class, and against Allstate and Venezia, jointly and

-24-

severally, for the full amount of damages proven at the trial hereof, costs, and any interest which may be legally recoverable on sums awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

## SIXTH CAUSE OF ACTION

*Common Law Tortuous Interference with Contract*
*by Venezia*

95.     Plaintiffs reaver and reallege the allegations contained in Paragraphs 1 though 23 the same as if set out herein *in extenso.*

96.     Should it be determined that Allstate did not endorse or ratify each complained of action by Venezia herein, then, in that event, and in that event only, in the alternative Plaintiffs aver that Venezia tortuously interfered with the subject contract of insurance (Exhibit "A").

97.     At all times material hereto, Venezia knew of the business relationship by and between Plaintiffs and Allstate under which Plaintiffs have legal rights evidenced by an enforceable contract, the policy of insurance at issue herein (Exhibit "A").

98     Venezia intentionally and unjustifiably interfered with this relationship in the following ways:

   a.     Unjustifiably delaying the resolution of the claim by demanding performance of conditions precedent that were unnecessary for proper claims processing and insisted upon by Venezia merely for delay purposes;

   b.     Attempting to and actually securing information under the guise of "investigating" a claim for alleged *payment* purposes, after a decision had already been reached to deny that part of the claim, merely to

-25-

unfairly secure information prior to litigation to support denial in later judicial proceeding;

c    Discharging a law firm and replacing it with new counsel in the final stages of a claim, in order to get "new" advice and further delay claim resolution;

d.    Waiting until the last day for appointment of an appraiser to make demands for "cooperation" from Plaintiffs with respect to damages Venezia then knew she would not pay because she had already satisfied herself that the subject damage was not present;

e.    Threatening divestiture of coverage merely to coerce Plaintiffs into settling their claim for less that was legitimately due;

f.    Accusing the Board of felonious criminal activity, known by Venezia to be factually and legally unsupportable;

g.    Threatening the Board with exposure to attorney's fees and costs of a legal proceeding if its members did not pay three times the amount Venezia had allegedly "mistakenly" paid to the Association;

h.    Refusing to delay resolution of the "overpayment" until the final amount of damage due to the Association was resolved, knowing that the Association did not have the requisite funds to make the treble damage payment insisted upon by Venezia;

i    And in other way that will be shown at the trial hereof after full discovery.

99.    Allstate does not approve of delaying claims through the methods outlined above. Nor does it have a policy of seeking to profit from its policyholders for failing to discover the mistakes of Allstate's senior claims personnel, especially when to do so would "double" the insurance company's money from an innocent policyholder pocketbook.

100.    Instead, Allstate has a policy of instilling trust in the insurance company by its customer-policyholders and truly attempts to operate in accordance with its extensively advertized slogan "You're in good hands with Allstate."

101. Consequently, the conduct of Venezia as complained of above was harmful to the interest of Allstate and was not done with any good faith, honest belief by Venezia that the breach of contract would be in the best interest of Allstate.

102. In truth, the actions by Venezia were taken *solely* for her own personal, ulterior motives in an attempt by her to overcome the embarrassment and detriment to her personal and professional reputation caused by her previous negligence and apparent incompetence in failing to devote the minimal attention to her duties required to protect corporate assets by correctly performing simple arithmetical calculations.

103. She apparently had a belief upon which she acted that if she could actually turn her elemental mistaken overpayment into a financial windfall for Allstate, in hindsight, her error could be considered brilliance on her part.

104. Furthermore, if by coercion through delay or otherwise, she could convince the Board and Association to take substantially less than was due under their claim, the consequences of her earlier foul-up would be minimized or forgotten, at least in Venezia's mind.

105. As a consequence and direct result of the above mentioned conduct by Venezia, the Association and Plaintiffs have been damaged by failing to receive the timely and proper payment from Allstate in accordance with the contract of insurance, all to their detriment.

106. Plaintiffs aver that the acts of Venezia as aforesaid were "intentional" within the meaning of Fl. Stat. §559.77

-27-

107.  On information and belief, Plaintiffs further aver that Venezia committed acts constituting "intentional misconduct" and "gross negligence" as those terms are used in Fl. Stat. §768.72, with a specific intent to harm Plaintiffs which did in fact harm each Plaintiff.

108   Plaintiffs reserve their right to claim the benefit granted by Fl. Stat. §768.72 relating to liberally construing the rules of civil procedure to allow discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.  Also, Plaintiffs reserve their right, upon reasonable showing by evidence in the record or proffered, to move to amend their complaint to assert a claim for punitive damages.

**WHEREFORE**, Plaintiffs pray that Venezia be summoned to appear, answer, except or otherwise plead to all as aforesaid and, after due proceedings had, there be judgment in favor of the Association and each of the Directors, in their individual capacities and as representatives of the class, and against Venezia for the full amount of damages proven at the trial hereof, costs, and any interest which may be legally recoverable on sums awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

Arden J. Lea
Florida Bar No. 0099619
102 A Miracle Strip Parkway SW
Ft. Walton Beach, FL 32548
Telephone No. (850) 302-0666
Fax No. (850) 302-0668
Attorney for Plaintiffs

-28-

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## IN AND FOR OKALOOSA COUNTY FLORIDA

### CIVIL ACTION

LAKESIDE VILLAGE CONDOMINIUM
ASSOCIATION, INC., DARLANE   LANDSBERGER,
DONALD McDONALD, RONALD BENNETT
AND WILLIAM PHILLIPS
                                          Plaintiffs

    -vs-

ALLSTATE INSURANCE COMPANY,
PATRICIA VENEZIA, AND
DEFENDANTS "X", "Y" AND "Z"
                                          Defendants

CASE NO. _03CA1268_

4/1/03  11<sup>35</sup> am

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE
SHERIFFS OF SAID STATE

GREETINGS·

    **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint or Petition in the above-styled cause upon the Defendant(s):

        **Patricia Venezia
c/o Allstate Insurance Co.
740 Carillon Parkway
St. Petersburg, FL 33715
(727) 556-3880**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is.

        Arden J. Lea
102 A Miracle Strip Parkway SW
Ft. Walton Beach, FL 32548
Telephone No. (850) 302-0666

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original if said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

    WITNESS my hand and the seal of said Court on March 31, 2003.

           NEWMAN C. BRACKIN
           CLERK OF CIRCUIT COURT

           BY
              Deputy Clerk

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

CIVIL DIVISION

| | |
|---|---|
| LAKESIDE VILLAGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v ) | CASE NO. 03CA1268 |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| PATRICIA VENEZIA, AND ) | |
| DEFENDANTS "X," "Y," AND "Z." ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

## NOTICE OF APPEARANCE

The Clerk will please enter the appearance of the law firm of POWERS, McNALIS & TORRES as counsel for the Defendants, ALLSTATE INSURANCE COMPANY and PATRICIA VENEZIA. in the above-styled action  Defendants note that they intend to remove this lawsuit to federal court within 30 days of service as provided for in 28 U.S.C  §1446.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U. S. Mail this 21 day of April, 2003, to:  Arden J. Lea, Esquire, 102-A Miracle Strip Parkway SW, Ft. Walton Beach, Florida 32548

**POWERS, McNALIS & TORRES**
Counsel for Defendants
2328 10th Avenue North, Suite 601
Lake Worth, Florida 33461
(561) 588-3000 -Telephone
(561) 588-3705 -Fax

By: _____
Brian C. Powers, Esquire
Florida Bar No. 269778
Mark A. Greenberg, Esquire
Florida Bar No.. 0068616

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
IN AND FOR OKALOOSA COUNTY FLORIDA

CIVIL DIVISION

LAKESIDE VILLAGE CONDOMINIUM          *
ASSOCIATION, INC., DARLANE            *
LANDSBERGER, DONALD                   *
McDONALD, RONALD BENNETT              *
AND WILLIAM PHILLIPS                  *
                                      *
            vs                        *        Case No.  03CA1268
                                      *
ALLSTATE INSURANCE COMPANY,           *
PATRICIA VENEZIA, AND                 *
DEFENDANTS "X", "Y" AND "Z"           *
                                      *
        Defendants                    *
                                      *
* * * * * * * * * * * * * * * * * * *

## MOTION FOR ENTRY OF DEFAULT

**NOW INTO COURT**, through undersigned Counsel, comes LAKESIDE VILLAGE

CONDOMINIUM ASSOCIATION. INC., *et al.*, Plaintiffs herein and, pursuant to Fla. R

Civ. P. 1.500(b) moves this Court to enter a default against Defendants Allstate

Insurance Company and Patricia Venezia on grounds that:

1.  On March 31, 2003 Plaintiffs filed the instant action with the Clerk of Court;

2.  Defendant, Allstate Insurance Company, was personally served with process
    on April 1, 2003 and the return was filed into the records herein;

3.  Defendant, Patricia Venezia, was personally served with process on
    April 1, 2003 and the return was filed into the records herein;

4.  Despite the foregoing, the Defendants have failed to plead or otherwise
    defend as provided by the Florida Rules of Civil Procedure.

_____

ARDEN J. LEA
Florida Bar No.  0099619
102-A Miracle Strip Parkway
Fort Walton Beach, FL 32548
(850) 302-0666
(302) 302-0668 Facsimile
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to all counsel of record by facsimile and regular U. S. Mail delivery on this 22 day of _____ , 2003.

Counsel for Defendants:

Brian C. Powers, Esquire
Mark A. Greenberg, Esquire
POWERS. McNALIS & TORRES
2328 10th Avenue North, Suite 601
Lake Worth, FL 33461
(561) 588-3705 **Fax**

_____

Arden J. Lea

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
IN AND FOR OKALOOSA COUNTY FLORIDA

CIVIL DIVISION

LAKESIDE VILLAGE CONDOMINIUM      *
ASSOCIATION. INC., DARLANE        *
LANDSBERGER, DONALD               *
McDONALD, RONALD BENNETT          *
AND WILLIAM PHILLIPS              *
                                  *
        vs.                       *        Case No.  03CA1268
                                  *
ALLSTATE INSURANCE COMPANY,       *
PATRICIA VENEZIA, AND             *
DEFENDANTS "X", "Y" AND "Z"       *
                                  *
        Defendants                *
                                  *
* * * * * * * * * * * * * * * * * *

## ENTRY OF DEFAULT

THIS MATTER came before the Court on Plaintiffs' Motion for Entry of Default.

and the Court being duly advised in the premises, it is thereupon

ORDERED AND ADJUDGED that Motion be, and the same is hereby

GRANTED.

DONE AND ORDERED in Chambers. at Shalimar, Okaloosa County. Florida

this ___25___ day of ___April___, 2003.


THOMAS T. REMINGTON
_____
        Honorable Jere Tolton
        CIRCUIT COURT JUDGE

Copies Furnished to:


Brian C. Powers, Esquire
Mark A. Greenberg, Esquire
POWERS, McNALIS & TORRES
2328 10th Avenue North, Suite 601
Lake Worth, FL 33461


Arden J. Lea, Esquire
102-A Miracle Strip Parkway
Fort Walton Beach, FL 32548

IN THE CIRCUIT COURT OF THE 1ST
JUDICIAL CIRCUIT, IN AND FOR
OKALOOSA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:   03-CA-1268

LAKESIDE VILLAGE, et al ,

        Plaintiffs,

    v

ALLSTATE INSURANCE COMPANY,
PATRICIA  VENEZIA, AND
DEFENDANTS "X," "Y," AND "Z."

        Defendants.
_____/

## RESPONDENT'S NOTICE OF REMOVAL

The Defendants,  ALLSTATE INSURANCE COMPANY, a foreign corporation, PATRICIA

VENEZIA, an employee of ALLSTATE INSURANCE  COMPANY and resident of the State of

Florida, and DEFENDANTS "X", "Y", AND "Z", who pursuant to 28 U S.C. § 1441 are disregarded

for removal,  by and through their undersigned counsel, hereby files this Notice of Removal  and

requests that this civil action be removed from the Circuit Court of the First Judicial Circuit, in and

for Okaloosa County, Florida to the United States District Court for the Northern District of Florida,

pursuant to 28 U.S.C  § 1446. Attached hereto is a true and correct copy of Respondent's  Petition for

Removal

        The Clerk of the Court is instructed pursuant to 28 U.S.C. § 1446(d), that no further action

should be taken in State Court proceedings unless and until an order of remand is issued by the U S

District Court.  The basis for removal of this proceeding is contained within the attached Petition for

Removal

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular US mail this ___28th___ day of April, 2003 to: Arden J. Lea, Esq., 102-A Miracle Strip Parkway SW, Ft. Walton Beach, FL 32548.

**POWERS, McNALIS & TORRES**
2328 10th Avenue North
Suite 601 / Concept II
Lake Worth, FL 33461
(561) 588-3000
Attorneys for ALLSTATE

By: _____
Andrew S. Deckert, Esquire
Florida Bar No. 0173576

7282 202242

2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

CASE NO..

JUDGE·

LAKESIDE VILLAGE, et al.,

        Plaintiffs,

   v

ALLSTATE INSURANCE COMPANY,
PATRICIA VENEZIA, AND
DEFENDANTS "X," "Y," AND "Z "

        Defendants

_____/

## DEFENDANT'S PATRICIA VENEZIA'S MOTION TO DISMISS
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant PATRICIA VENEZIA, by and through its undersigned

attorney, and pursuant to Rule 1 250 of the Florida Rules of Civil Procedure, moves this

court for entry of an Order dismissing said Defendant as grounds therefore states:

    1       Rule 1 250(b) of the Florida Rules of Civil Procedure is entitled "Misjoinder

and Nonjoinder of Parties" provides in pertinent part that "parties may be dropped by order

of Court on its own initiative or the motion of any party at any stage of the action on such

terms as are just"

    2       It is the general rule that an agent acting for a disclosed principal is not

personally liable for the debts of the principal  ( <u>Blount v Tomlinson</u>, 57 Fla 35, 48 So.



751 (1909), <u>Andrew H Boros, P A v Carter</u>, 537 So. 2d 1134 (Fla 3d DCA 1989). If the contracting party knows the identity of the principal the principal is deemed disclosed. <u>Van D Costas, Inc v Rosenberg</u>, 432 So 2d 656 (Fla. 2d DCA 1983); ( <u>Philip Schwartz Inc d/b/a Schwartz and Noonan Advertising v Gold Coast Graphics Inc</u>., 623 So 2d 819 (Fla. App 4th DCA 1993)

  3    The Restatement (Second) of Agency § 320 states· Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract·(<u>Schwartz and Noonan Advertising v Gold Coast Graphics Inc</u> , <u>supra</u> )

  4    One bringing an action upon a contract has the burden of showing that the other is a party to it  This initial burden is satisfied if the plaintiff proves that the defendant has made a promise, the form of which does not indicate that it was given as agent   An  an agent sued by a party to a contract is entitled to a judgment directed in his favor by showing that it was known to the other that he was acting as agent for a disclosed principal (<u>Schwartz and Noonan Advertising v Gold Coast Graphics Inc</u> , <u>supra</u>.)

  5    In the present case the Plaintiff's complaint admits that the Defendant was for all times material and relevant the agent of Defendant ALLSTATE and that all actions taken by Defendant were within the scope of that agency

  6    The Plaintiff asserts no facts to support a conclusion that the Defendant has taken any action or made any representation relating to the Plaintiff which were not within the scope of the principal agent relationship between Defendant ALLSTATE and Defendant VENEZIA

7    In federal diversity cases the law to be applied is the law of the law of the forum state, here Florida law governs ( See. <u>Erie R R. v. Tompkin</u>, 304 U S. 64; 58 S. Ct 817; 82 L. Ed 1188 (1938)

8.    Pursuant to Florida law , in order to maintain an action for tortious interference with contractual rights, a plaintiff must prove that a third party interfered with a contract by influencing, inducing, or coercing one of the parties to breach the contract, thereby causing injury to the other party.   <u>An agent or em[ployee of a corporate party to a contract, acting within his capacity and scope as an agent or employee, cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship</u> ( See  <u>Richard Bertram, Inc v. Sterling Bank & Trust</u>, 820 So 2d 963 (Fla App 4th Dist, 2002.)

9    Additionally, all arguments presented in Defendant's Petition for Removal and Memorandum of Law in Support of Removal are incorporated herein as additional grounds in support of this Motion to Dismiss

WHEREFORE, PATRICIA VENEZIA, respectfully request that she be dismissed from this cause with prejudice, and that she be award costs, attorney's fees and such other relief that court deems appropriate

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished via facsimile and U S Mail this _26th_ day of April, 2003, to Arden J. Lea,

Esquire, 102-A Miracle Strip Parkway SW, Ft. Walton Beach, Florida 32548

**POWERS, McNALIS & TORRES**
Counsel for Defendants
2328 10th Avenue North, Suite 601
Lake Worth, Florida 33461
(561) 588-3000 -Telephone
(561) 588-3705 -Fax

By_____
Brian C. Powers, Esquire
Florida Bar No. 269778
A  DeGraffenreidt, III Esquire
Florida Bar No : 218121

7282/201894



# POWERS, McNALIS & MOODY
### A T T O R N E Y S   A T   L A W

March 3, 2003

***Via Certified and Regular U.S. Mail***
Lakeside Village Condominium Association
c/o Arden J. Lea, Esq.
102-A Miracle Strip Parkway SW
Ft. Walton Beach, Florida 32548

> Re: Policy No.: 049 508509
> Claim No.: 3711680003
> Civil Theft Of: $217,141.88

Dear Sir/Madam:

As you know, prior to the trial in the above claim, Allstate had demanded return of $217,141.88 accidentally overpaid to Lakeside as a result of the above referenced claim. Demand was made through your attorney, Arden Lea. Lakeside has refused to return this money.

Now that the trial has concluded, and the Court has found Lakeside to not have complied with the applicable insurance policy, Allstate again demands return of these sums. You should be aware that Allstate is researching whether the Court's findings that Lakeside failed to comply with the insurance policy's post-loss obligations constitutes a material breach of the policy, thus precluding any further obligation of Allstate in this matter. However, Allstate has made no decision on pursuing this approach at this time.

In short, demand is hereby made that Lakeside pay Allstate $217,141.88, plus treble damages in the additional amount of $434,283.76 within thirty (30) days from your receipt of this letter. Failure to comply with this demand may necessitate further legal action against you for civil theft pursuant to Florida Statute § 772.11, as well as other possible causes of action. Florida Statute § 772.11 enables Allstate to receive treble damages, attorneys' fees, and costs of litigation if you fail to pay Allstate the above-mentioned monies within the allotted thirty (30) days.

Thank you for your immediate attention to the foregoing.

Very truly yours,

POWERS, McNALIS & MOODY

Mark A. Greenberg
For the firm

MAG/clr
cc: Allstate
7282/198359

2328 10th Ave. N / Suite 601 / Lake Worth, FL 33461-6617
(561) 588-3000 / (888) 588-3003 / Fax (561) 588-3705
Internet www.pmmg.com



IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

CIVIL DIVISION

LAKESIDE VILLAGE, et al.,

        Plaintiffs,

v.                                          CASE NO. 03CA1268

ALLSTATE INSURANCE COMPANY,
PATRICIA VENEZIA, AND
DEFENDANTS "X," "Y," AND "Z."

        Defendants.

_____/

## SWORN AFFIDAVIT OF PATRICIA VENEZIA

STATE OF FLORIDA    )
                  ) ss:
COUNTY OF DADE     )

    BEFORE ME, the undersigned authority, personally appeared, PATRICIA VENEZIA, who, after being duly sworn, deposed and said:

    1.    My name is PATRICIA VENEZIA and I am employed by Allstate Insurance Company, P.O. Box 42040, Saint Petersberg, Florida, 33742.

    2.    I am the Senior Staff Claim Adjuster for the office located at P.O. Box 42040, Saint Petersberg, Florida, 33742.

    3.    As Senior Staff Claim Adjuster for Allstate Insurance Company the scope of my duties include the handling of claims, the supervision of processing of claims, and make recommendations regarding the position of Allstate Insurance Company regarding filed claims.

    4.    I am the Senior Staff Claim Adjuster for Allstate Insurance Company that has


EXHIBIT
4

handled the claim that was filed with Allstate Insurance Company on policy number 049506509-05/19, during the policy period of May 19, 2001, to May 19, 2002, by Lakeside Village Condominium Association, Inc., which is the subject of the above captioned matter and case number 3:02cv303/LAC/MCR in the United States District Court of the Northern District of Florida in the Pensacola Division.

     5.     All of my actions regarding the handling of the above discussed claim filed by Lakeside Village Condominium Association, Inc., were made in the course and scope of my duties as the Senior Staff Claim Adjuster for Allstate Insurance Company and were endorsed and ratified by Allstate Insurance Company.

     **FURTHER AFFIANT SAYETH NAUGHT.**

_Patricia Venezia_
PATRICIA VENEZIA

STATE OF FLORIDA    )
                     )ss:
COUNTY OF DADE    )

     The foregoing instrument was acknowledged before me this 18th day of April, 2003, by _Patricia Venezia_ who is personally known to me, or who presented _____ as identification.

_Dianne Kelley_
Notary Public - Signature

Notary Public - Please Print
My Commission Expires:

7282:201981

DIANNE KELLEY
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC937359
EXPIRES 5/17/2004
BONDED THRU ASA 1-888-NOTARY1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

CIVIL DIVISION

LAKESIDE VILLAGE, et al.,

      Plaintiffs,

v.                                             CASE NO. 03CA1268

ALLSTATE INSURANCE COMPANY,
PATRICIA VENEZIA, AND
DEFENDANTS "X," "Y," AND "Z."

      Defendants.
_____/

## SWORN AFFIDAVIT OF ROBYN C. SHAFER

STATE OF FLORIDA     )
                  ) ss:
COUNTY OF DADE     )

    BEFORE ME, the undersigned authority, personally appeared, ROBYN C. SHAFER, who, after being duly sworn, deposed and said:

    1.    My name is ROBYN C. SHAFER and I am employed by Allstate Insurance Company, P.O. Box 42040, Saint Petersberg, Florida, 33742.

    2.    I am the Front Line Performance Leader for the Commercial Unit of Allstate Insurance Company in the office located at P.O. Box 42040, Saint Petersberg, Florida, 33742.

    3.    As Front Line Performance Leader of the Commercial Unit for Allstate Insurance Company the scope of my duties include assigning the files that come into the Commercial Unit, assigning those files, supervising the adjuster who is responsible for each file, and overseeing payment of those files.


EXHIBIT
5

4.      Patricia Venezia is an Senior Staff Claim Adjuster assigned to my unit and I am her direct supervisor.

5.      Regarding the claim that was filed with Allstate Insurance Company on policy number 049506509-05/19, during the policy period of May 19, 2001, to May 19, 2002, by Lakeside Village Condominium Association, Inc., which is the subject of the above captioned matter and case number 3:02cv303/LAC/MCR in the United States District Court of the Northern District of Florida in the Pensacola Division, this file was assigned by me to Patricia Venezia.

5.      I have reviewed the actions of Patricia Venezia regarding the handling of the above discussed claim filed by Lakeside Village Condominium Association, Inc., and have found that all of her actions were made in the course and scope of her duties as a Senior Staff Claim Adjuster for Allstate Insurance Company.

6       Additionally, upon review, the actions of Patricia Venezia regarding the handling of the above discussed claim filed by Lakeside Village Condominium Association, Inc. were endorsed and ratified by Allstate Insurance Company.

**FURTHER AFFIANT SAYETH NAUGHT.**

ROBYN C. SHAFER

STATE OF FLORIDA      )
                      )ss:
COUNTY OF DADE        )

The foregoing instrument was acknowledged before me this 10th day of April, 2003, by _Rob Shafer_____ who is personally known to me, or who

presented _____ as identification.

_____
Notary Public - Signature

Notary Public - Please Print
My Commission Expires:

7282:202004

**DIANNE KELLEY**
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC937359
EXPIRES 8/17/2004
BONDED THRU ASA 1-888-NOTARY1



# POWERS, McNALIS & MOODY
### ATTORNEYS AT LAW

November 27, 2002

Arden J. Lea, Esq.
102-A Miracle Strip Parkway SW
Ft. Walton Beach, FL 32548

Re:   Insured:      Lakeside Village Condo Association
      Policy No.:   049 508509
      Claim No.:    3711680003
      Date of Loss: 6/22/01
      Our File No.: 7282

Dear Mr. Lea:

Please allow this to follow up on our conversation earlier this week regarding discovery. As you know, the discovery cutoff date is Monday, December 2, 2002. At this time, we have completed the deposition of your experts, and you have completed the deposition of Allstate's independent adjuster Marshall Austin, you have also started the deposition of Allstate's main engineer John Bell. In addition, the parties had scheduled the deposition of Allstate in-house adjuster Patricia Venezia, and Lakeside's general contractor Charles Risen. These, however, were canceled due to an unfortunate illness on your part. Finally, you desired to take the additional deposition of Allstate's first engineer Scott Eddy, and based upon Neil Hall's testimony we wanted to take the deposition of Howard Lucas, also of Lakeside's general contracting firm.

Since neither side has been able to complete discovery, we proposed extending discovery through the end of January to allow both sides sufficient time to complete the depositions, taking into account the holidays, vacation schedules, travel arrangements, and the availability of witnesses. You refused to do this, instead suggesting only a brief extension of time through mid December, 2002. You also advised that you would be on vacation after December 20, 2002 for the remainder of the year. Due to our schedule, we advised that we would not be able to accommodate the remaining discovery within that time frame.

You then suggested that we either continue it through mid December, 2002 or conduct no additional discovery. Based upon those options, we agree not to conduct any further discovery in this matter.

Should your clients change their mind, please let us know and we will be glad to agree to your motion to extend discovery for 60 days from December 2, 2002. However, absent that, we will need to allow the Court to rule on the pending Motion for Summary Judgment and then, if appropriate, proceed to an evidentiary hearing.



EXHIBIT
6

Arden J. Lea, Esq.
November 27, 2002
Page 2

Another matter has arisen regarding payments made by Allstate to Lakeside. In preparing for her previously scheduled deposition, Ms. Venezia realized that she had made an over payment to Lakeside in the approximate of $217,000.00 in March, 2002. Demand is hereby made that Lakeside immediately return these funds as they are not covered by the policy. It is also disturbing that Lakeside has never acknowledge this over payment in any correspondence or pleading filed with the Court, instead allowing Allstate to proceed with the mistaken belief of paying "only" $993,048.59.

Allstate does not intend to waive any of its rights under its policy of insurance, nor does it waive any of the policy terms and conditions or any of its potential defenses or exclusions to coverage. In fact, Allstate expressly reserves all of those.

Once you have had an opportunity to review this correspondence, please call with any questions. On a personal note, we hope you have a good Thanksgiving.

Very truly yours,

**POWERS, McNALIS & MOODY**

Mark A. Greenberg
For the Firm

MAG/clr
cc:    Allstate
        Marshall Austin
7282:191125



# POWERS, McNALIS & MOODY
### A T T O R N E Y S   A T   L A W

December 3, 2002

*__Via Facsimile and U.S. Mail__*

Arden J. Lea, Esq.
102-A Miracle Strip Parkway SW
Ft. Walton Beach, FL 32548

|     |               |                                   |
|-----|---------------|-----------------------------------|
| Re: | Insured:      | Lakeside Village Condo Association |
|     | Policy No.:   | 049 508509                        |
|     | Claim No.:    | 3711680003                        |
|     | Date of Loss: | 6/22/01                           |
|     | Our File No.: | 7282                              |

Dear Arden:

As always it was a pleasure to speak with you on yesterday. Please allow this correspondence to confirm that discussion.

First, you advised that Lakeside had opened up part of the side walls of some of its six (6) buildings. Photographs were taken of these openings. Lakeside then installed a vapor barrier and the stucco preparation before running out of money. They have also caulked some or all areas (it was unclear which) around the vapor barrier in order to stop any further water intrusion. At that time, the general contractor, Florida Restoration, left the job since they weren't getting paid. While they have not yet filed a lien, you advised that Lakeside does owe them money.

Second, you agreed to forward copies of the photographs taken by Lakeside or its contractor during the above-referenced work. Please forward color copies of these photographs as soon as possible, and Allstate will pay reasonable copying costs associated therewith.

Third, you advised that Lakeside would not be returning the $217,000.00 overpayment made by Allstate. Please be advised that Allstate retains all rights it has to collect this money, including, if necessary, pursuing legal means.

Finally, both sides have agreed that the discovery cutoff has passed, and neither side will be seeking an extension from the Court.



EXHIBIT
7

Arden J. Lea, Esq.
December 3, 2002
Page 2

If your understanding of any of the above is different, please contact the undersigned immediately.

Very truly yours,

**POWERS, McNALIS & MOODY**

Mark A. Greenberg
For the Firm

P.S.    We are also still waiting for copies of Neil Hall's file that he agreed to copy during his deposition.  In addition, we need the deposition transcript or court reporter information to obtain same for the adverse deposition you took of Mr. Hall in ANPAC v. Nancy Fields.

MAG/clr
cc:      Allstate
7282:191335

```
*****************  *******
****   TX REPORT   ***
*****************  *******
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4407 |
| CONNECTION TEL | 8503020668p7282 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 12/03 17:12 |
| USAGE T | '05 |
| PGS. | 3 |
| RESULT | OK |



# POWERS, McNALIS & MOODY
## ATTORNEYS AT LAW

**2328 10th Avenue North #601**
**Lake Worth, FL 33461-6617**

| Telephones: | Palm Beach | (561) 588-3000 |
|---|---|---|
| | E-Mail | Powers@pmmg.com |
| | Internet | www.pmmg.com |

# FACSIMILE TRANSMITTAL SHEET
### Fax Number: (561) 588-3705

**TO:**   Arden J. Lea, Esq.
Fax No. 850-302-0668

**FROM:**   Mark A. Greenberg, Esq.

**DATE:**   December 3, 2002

**RE:**   Lakeside Village Condo Association v. Allstate

**FILE NO:**   7282

**MESSAGE:** Please see the attached.

**Number of Pages (Including Cover Sheet):** _____



## POWERS, McNALIS & MOODY
### A T T O R N E Y S   A T   L A W

2328 10th Avenue North #601
Lake Worth, FL 33461-6617

Telephones:      Palm Beach        (561) 588-3000
                     E-Mail             Powers@pmmg.com
                     Internet          www.pmmg.com

# FACSIMILE TRANSMITTAL SHEET
### Fax Number: (561) 588-3705

**TO:**      Arden J. Lea, Esq.
           Fax No. 850-302-0668

**FROM:**   Mark A. Greenberg, Esq.

**DATE:**    December 3, 2002

**RE:**      Lakeside Village Condo Association v. Allstate

**FILE NO:**  7282

**MESSAGE: Please see the attached.**

## Number of Pages (Including Cover Sheet): _____

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVATE AND CONFIDENTIAL  IT IS INTENDED EXCLUSIVELY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED  IF THE READER HEREOF IS NOT THE INTENDED RECIPIENT (OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT), YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR PHOTOCOPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED AND WILL BE CONSIDERED AS A TORTIOUS INTERFERENCE IN OUR CONFIDENTIAL BUSINESS RELATIONSHIPS. IF YOU RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE (COLLECT, IF NECESSARY) AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE-LISTED

THANK YOU FOR YOUR ANTICIPATED COOPERATION

Tue Apr 29 13:01:08 2003

UNITED STATES DISTRICT COURT

TALLAHASSEE      , FL

Receipt No.      403-106701
Cashier          conmab

Check Number: 21232

PW Code       Div No
  461?            1

Sub Acct Type Tender      Amount
1:510000  W     2          90.00
7:086900  W     2          60.00

Total Amount       $    150.00

CIVIL FILING FEE ::0-CV162/LEC/MCR RILEY
ET AL CREDIT CARD002

POWERS, McNALIS e TORRES R 1755 561/586-
4065